## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ALI WARIS, | : | |
| | : | |
| Plaintiff, | : | Civil No. 09-1103 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LESLIE MACKEY, SARA A. BEGLEY, | : | |
| MIRIAM EDELSTEIN, REED SMITH | : | |
| LLP, ERIC KRAEUTLER, SUSANNA | : | |
| HENDERSON, MORGAN LEWIS & | : | |
| BOCKIUS, KEYSTONE HEALTH PLAN | : | |
| EAST, GERALD DUGAN, JOHN | : | |
| DOES 1-100, HEARTLAND HOME | : | |
| CARE, and PAUL ORMOND, | : | |
| | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

Even a casual reading of the procedural history in this dispute reveals that Plaintiff is engaged in a conscious war of attrition. It is apparently his hope that should he sue enough of the bench, the bar, and the affiliates of the original party defendants for long enough, he will one day be rewarded. What a sufficient reward would be the Court has no idea, but what the Court is clear about is that the war has waged long enough.

Presently before the Court are a number of motions: 1) a Motion to Dismiss by Defendant Gerald Dugan (Docket No. 9); 2) a Motion to Dismiss by Defendants Keystone Plan East, Eric Kraeutler, Susannah Henderson, and Morgan Lewis & Bockius (Docket No. 15); 3) a Motion to

Dismiss and for a Pre-Filing Injunction by Defendants Sara Begley, Miriam Edelstein, and Reed

Smith LLP (Docket No. 19); 4) a Motion to Dismiss by Defendants Leslie Mackey, Paul

Ormond, and Heartland Home Care; 5) a Motion to Recuse by Plaintiff Ali Waris (Docket No.

30); and 6) a Motion to Strike by Plaintiff (Docket No. 35).[1]  Plaintiff has also attempted to

withdraw his state law claims with a Notice of Withdrawal at Docket No. 36.  Defendants have

opposed that withdrawal to the extent that it is without prejudice.  See Docket No. 37.

For the reasons discussed below, Defendants' Motions to Dismiss are granted and

Plaintiff's Motion to Recuse is denied, and the Motion to Strike is granted.  The Motion for Pre-

Filing Injunction is denied.  Finally, the Court finds that the state law claims are not withdrawn.

## I.   BACKGROUND

The background of this case is expansive and ever-growing.  The parties in the present

case have known each other for some time and this case represents one of at least seven[2]

installments of a drama that neither the Defendants nor the Court finds entertaining.  What

---

[1] Plaintiff also filed a motion captioned as "Omnibus Motion to Address Defendants' Arguments and Summarize Response Thereto."  Docket No. 28.  The "motion" however is really just a sur-reply to Defendants' pending motions.  Thus, to the extent the entry at 28 is to be construed as a motion, it is a motion for leave to file an additional brief under Local Civil Rule 7.1(c), and the motion is DENIED.

[2] (1) See Waris v. Keystone Health Plan East, No. 05-12718 (Delaware Cty. C.P. 2005), aff'd, 972 A.2d 571 (Pa. Super. Ct. 2009);
(2) Waris v. Frick, No. 06-5189, Docket Nos. 118, 119, 120 (E.D. Pa. Sept. 25, 2007), aff'd, 304 Fed. Appx. 975 (3d Cir. 2008);
(3) Waris v. HCR Manor Care, No. 07-3344, 2009 WL 330990 (E.D. Pa. Feb. 10, 2007), on appeal to, No. 09-1904 (3d Cir. Apr. 27, 2009);
(4) In re Waris, 324 Fed. Appx. 156 (3d Cir. 2009);
(5) Waris v. Ormond, No. 08-5709 (E.D. Pa. 2008), on remand to, No. 08-11441 (Chester Cty. C.P. 2008);
(6) Waris v. Heartland Home Health Services, Inc., No. 09-0297 (E.D. Pa. 2009), on remand to, No. 08-14190 (Chester Cty. C.P. 2008).

should be noted at the outset is that Plaintiff has yet to prevail on any substantive issue before any court.

Because of the voluminous history in this case, below is a considerably abridged version of the underlying events, adopted in part from this Court's Opinion in Waris v. Ormond, No. 08-5709, 2009 WL 2385891, at *1-2 (E.D. Pa. July 29, 2009). As is discussed below, the Ormond matter and the pending matter are substantially identical and arise out of the same events.

Plaintiff alleges that the defendants and the attorneys who represented the defendants in HCR Manor Care, No. 07-3344, Keystone, No. 05-12718, and Frick, No. 06-5189, engaged in misconduct during the course of the litigation.

The Ormond case began on October 14, 2008, when Plaintiff filed a complaint in the Chester County Court of Common Pleas against Defendants Paul Ormond, Sara Begley, and Reed Smith LLP. The complaint contained only state law claims and related to conduct during the Manor Care case. On November 3, 2008, those defendants filed preliminary objections. On November 19, 2008, Plaintiff filed an amended complaint. Plaintiff added Defendants Lesley Mackey and Miriam Edelstein, who had been involved in the Manor Care case as attorneys for the defendant. Plaintiff also added defendants Eric Kraeutler; Susannah Henderson; Morgan Lewis & Bockius LLP; Keystone Health Plan East, Inc.; and Gerald Dugan, who had all been involved in the Keystone case and/or the Frick case. Plaintiff also added federal claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq.; the Hobbs Act, 18 U.S.C. § 1951 et seq.; and the Civil Rights Act, 42 U.S.C. § 1985.

On December 9, 2008, the defendants in Ormond filed a Notice of Removal. The removed case was docketed in the Eastern District of Pennsylvania and assigned to the

3

Honorable Michael Baylson on December 9, 2008.[3] Because Plaintiff had attempted to dismiss the federal claims in the Ormond Chester County case before it was removed, Plaintiff filed a motion to remand the matter on December 12, 2008.

During the pendency of his motion to remand, Plaintiff filed a nearly identical complaint to the Ormond matter, this matter (Waris v. Mackey), on March 12, 2009. Plaintiff later amended the complaint on April 17, 2009 such that all of the Defendants in Ormond were now also defendants in Mackey, and they faced substantially identical allegations. The Ormond matter was subsequently remanded because this Court found that Plaintiff discontinued his federal claims before the matter was removed. See Waris v. Ormond, No. 08-5709, 2009 WL 2385891 (E.D. Pa. July 29, 2009).

Between May and December of 2009, the parties in this case filed and briefed the respective motions mentioned above. Also during this period, this Court entered an Order in Waris v. Frick, No. 06-5189, Docket Nos. 159-60 (E.D. Pa. Aug. 18, 2009), permanently enjoining Plaintiff from filing any new actions, without leave of the Court, against Gerald Dugan; Gregory Lepore; Dugan, Brinkman, Maginnis and Pace; Keystone Health Plan East, Inc.; the Board of Directors of Keystone Health Plan East, Inc.; Joseph Frick; Michael Zipfel; Anya Pollard; Eric Kraeutler; Susanna Henderson; or Morgan Lewis & Bockius. This injunction followed on the heels of the Third Circuit's opinion in Waris v. Frick in which it described Waris' litigious history against those parties as "vexatious" and in which it described his continued filing of lawsuits against the parties and their counsel as "harassing behavior." 304

---

[3] Judge Baylson later recused himself and the Ormond matter was re-assigned to this Court.

Fed. Appx. at 977.[4]

It is in this context that the Court now turns to a review of the pending motions.

## II.    DISCUSSION

### A.    Motion to Recuse

The initial motion for consideration is Plaintiff's Motion to Recuse pursuant to 28 U.S.C. §§ 144, 455(a). Docket No. 30. In his Motion, Plaintiff alleges that recusal is appropriate because Judge Scirica has an undue influence on the Court and because the Court has a possible "anti-Muslim bent of mind." See Docket No. 30 at 14 (affidavit). As with much of Plaintiff's allegations however, he offers no factual support for these allegations, and the Court must deny the Motion.

Section 144 requires recusal where the moving party files an affidavit that is "legally sufficient to support a charge of bias or prejudice."[5] Cooney v. Booth, 262 F. Supp. 2d 494, 501 (E.D. Pa. 2003) (citing Mims v. Shapp, 541 F.2d 415, 417 (3d Cir.1976)), aff'd, 108 Fed. Appx. 739 (3d Cir. 2004). To be "legally sufficient," the facts must "'give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'" Id. (quoting Berger v. United States, 255 U.S. 22, 33-34 (1921)). The court must accept all facts alleged in the affidavit as true, but need not accept the moving party's conclusions, conjecture, speculation or surmises. Id.

---

[4] Notwithstanding this admonition from the Third Circuit, none of the Defendants here sought sanctions under Rule 11(b)(1).

[5] More expansively, section 144 provides for recusal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144.

Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Such disqualification is crucial to maintaining "'the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted.'" Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir. 1993) (quoting In re Sch. Asbestos Litig., 977 F.2d 764, 776 (3d Cir. 1992)). Consequently, even where the judge is not "*subjectively* biased or prejudiced," he must recuse himself under § 455 "so long as he *appears* to be so." See Liteky v. United States, 510 U.S. 540, 553 n.2 (1994). In other words, "if a 'reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality' . . . then the judge must recuse." In re Cmty. Bank of N. Virginia, 418 F.3d 277, 320 (3d Cir. 2005) (quoting United States v. Antar, 53 F.3d 568, 574 (3d Cir. 1995)).

Although the law demands recusal both where a reasonable man would question the judge's fair mindedness and where a party files an affidavit setting forth specific allegations of partiality, Plaintiff has provided no supported facts suggesting a bias or prejudice that would merit recusal. Plaintiff generally believes that this Court is in a cabal with Judge Scirica for the purpose of supporting members of the bench and the bar to the detriment of the Plaintiff. See Docket No. 30 at 5-7. He further believes, though he does not support, that this Court is biased against Muslims simply because this Court previously sentenced the Fort Dix defendants to life sentences. See Docket No. 30 at 8. These conclusory allegations are insufficient to raise a reasonable inference of bias. Plaintiff has simply failed to provide any support such that a reasonable man, knowing all the circumstances, would harbor doubts about this Court's

6

objectivity. Moreover, his affidavit is insufficient to support recusal because he has not attested to facts within his personal knowledge, rather he has based his affidavit on conjecture and unfounded belief.

Therefore, the Court denies Plaintiff's Motion to Recuse.[6]

## B. Withdrawal of Claims

Before analysis can turn to the Motions to Dismiss, the Court must address which claims in the Amended Complaint are properly subject to the Motions. On November 30, 2009, Plaintiff entered what he captioned "Plaintiff's Notice of Withdrawal of State Claims." Docket No. 36. All Defendants joined in a single brief opposing the withdrawal as improper under Federal Rule of Civil Procedure 41, but offered to stipulate to dismissal with prejudice. See Docket No. 37. Plaintiff responded by suggesting that this Court could not decide the matter until it addressed the pending Motion to Recuse. Docket No. 38. The Court finds that Plaintiff's attempted withdrawal of the state law claims is improper and further finds that since the parties have not stipulated to a dismissal, those claims are still validly before the Court.

Though Plaintiff has not stated the procedural basis on which he asserts the "Notice of Withdrawal," it appears that his attempt is under Federal Rule of Civil Procedure 41. Under Rule

---

[6] Related to the Motion to Recuse, Plaintiff filed a Motion to Strike under Local Civil Rule 7.1(c). Docket No. 35. Plaintiff seeks to strike the response to the Motion to Recuse by Defendants Keystone Health Plan East, Eric Kraeutler, Susanna Henderson, Heartland Home Health Services, Leslie Mackey, and Paul Ormond as being untimely filed. Local Civil Rule 7.1(c) requires a response to a motion to be filed within 14 days after service of the motion. Plaintiff filed and served the Motion to Recuse on August 27, 2009. Docket No. 30; Docket No. 35. The above referenced Defendants filed a response on September 18, 2009, approximately one week late. Docket Nos. 33, 34. Under the Local Rules, this response was untimely. As a matter of consequence, striking the response has no effect on the above recusal analysis. As a matter of procedure, the motion to strike is proper and is GRANTED.

41, the plaintiff may dismiss "an action" without a court order by filing a notice of dismissal before the opposing party serves an answer or files a motion for summary judgment, or by a stipulation of dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii). However, Rule 41 does not apply where the plaintiff attempts to dismiss individual "claims," since Rule 41 only applies to "an action." See ECASH Technologies, Inc. v. Guagliardo, 35 Fed. Appx. 498, 499 (9th Cir. 2002); Sudnick v. Dep't of Defense, 474 F. Supp. 2d 91, 95 n.3 (D.D.C. 2007); New West Urban Renewal Co. v. Viacom, Inc., 230 F. Supp. 2d 568, 571 n.4 (D.N.J. 2002). The proper procedure for dismissing less than all of the claims in an action is a motion to amend under Federal Rule of Civil Procedure 15(a). New West Urban, 35 Fed. Appx. at 499; 9 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 2362, at 413-14 (3d ed. 2008).

Because Plaintiff has not sought leave to amend and because his attempted withdrawal is otherwise improper under Rule 41, Plaintiff cannot unilaterally withdraw his state law claims. Further, based on Plaintiff's response at Docket No. 38, the parties have not reached a stipulation of withdrawal. Therefore, all of the claims in the Amended Complaint are still before the Court and subject to the Motions to Dismiss.

## C.    Motions to Dismiss

The four Motions to Dismiss now pending with the Court generally allege two grounds for dismissal: the first group asserts that dismissal is proper under Federal Rule of Civil Procedure 12(b)(6) because of res judicata or claim preclusion (Docket Nos. 9, 15, 19)[7] and the

---

[7] Defendant Gerald Dugan's Motion incorporates by reference his Motion to Dismiss in Ormond. See Docket No. 9 at 7 (citing Ormond, No. 08-5709, Docket No. 6). In the Ormond Motion, Defendant Dugan asserts the preclusive effect of Waris v. Frick. See Ormond, No. 08-5709, Docket No. 6 at 16. Thus, that defense is properly before this Court. See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (holding court may consider in

second group asserts that dismissal is proper because Plaintiff has failed to state a claim (Docket Nos. 9, 19, 20). The Court agrees with both groups and will grant all of the Motions to Dismiss.

### 1.    Res Judicata/Claim Preclusion

Defendants Keystone Health Plan East, Kraeutler, Henderson, and Morgan Lewis & Bockius (the Keystone Defendants) argue that dismissal is proper because Plaintiff's claims are precluded by the summary judgment decision in Waris v. Frick, No. 06-5189, Docket No. 118 (E.D. Pa. Sept. 25, 2007), aff'd, 304 Fed. Appx. 975 (3d Cir. 2008).[8] See Docket No. 15 at 11-18. Defendant Gerald Dugan also argues that dismissal is proper based on Waris v. Frick. See Docket No. 9 at 7 (citing Ormond, No. 08-5709, Docket No. 6 at 16). Similarly, Defendants Begley, Edelstein, and Reed Smith (the Reed Smith Defendants) argue that dismissal is proper because Plaintiff's claims are precluded by the summary judgment decision in Waris v. HCR Manor Care, No. 07-3344, 2009 WL 330990 (E.D. Pa. Feb. 10, 2009), appeal filed, No. 09-1904 (3d Cir. Apr. 27, 2009). See Docket No. 19 at 1.

As is relevant, Plaintiff argues that res judicata is an insufficient defense because the Defendants have not demonstrated how the facts of this case satisfy the elements for such a

---

motion to dismiss "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case'" (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004))).

Even if the preclusion defense were not properly before the Court, for the reasons discussed below, dismissal would also be appropriate as to Defendant Dugan because of Plaintiff's failure to state a claim.

[8] Many of the Defendants argued that the Mackey action should be stayed or dismissed based on Plaintiff's identical claims in Ormond, then pending in the Eastern District at the time of the motions. See, e.g., Docket No. 20 at 5. However, because the Court remanded the Ormond action in the interim and it is still seemingly pending, staying or dismissing this action on the basis of its sister case is not warranted.

defense. See Docket No. 23 at 13. Plaintiff also argues that res judicata does not apply to the Frick matter in particular because he could not have known at the time of filing that case that Defendants would behave inappropriately. See Docket No. 25 at 2.[9] The Court finds that Plaintiff's claims against the Keystone Defendants and against Gerald Dugan are precluded by Frick; however, his claims against the Reed Smith Defendants are not precluded by HCR Manor Care.

Res judicata, or claim preclusion, bars a subsequent suit where there has been "(1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." Equal Employment Opportunity Comm'n v. United States Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990). The defense prevents litigation of grounds for recovery that were previously available, even if not asserted. Brown v. Felsen, 442 U.S. 127, 131 (1979). In fact, even if a plaintiff is not aware of a claim's existence at the time of the prior suit, it is nevertheless barred. See Harnett v. Billman, 800 F.2d 1308, 1313 (4th Cir. 1986); Harrington v. Lauer, No. 93-3166, 1995 WL 569619, at *4 (D.N.J. May 17, 1995). By barring re-litigation of previous grounds for recovery, res judicata "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." Brown, 442 U.S. at 131.

### a. Preclusive Effect of Waris v. Frick: Keystone Defendants

The Keystone Defendants argue that the present suit is barred by Waris v. Frick. Of the three elements above, elements two (same claim) and three (same parties or privies) are at issue. Since Frick has been affirmed by the Third Circuit after motions for summary judgment, it is a

---

[9] Plaintiff also argues that res judicata cannot be raised on a motion to dismiss because it is an affirmative defense. See Docket No. 23 at 13. This argument is meritless. See Connelly Found. v. Sch. Dist. of Haverford Twp., 461 F.2d 495, 496 (3d Cir. 1972).

final judgment on the merits. See Hubicki v. ACF Indus., Inc., 484 F.2d 519, 524 (3d Cir. 1973).

Whether subsequent suits involve the same claim does not depend on the legal theory invoked, but rather "'the essential similarity of the underlying events giving rise to the various legal claims.'" Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 173 (3d Cir. 2009) (quoting Davis v. U.S. Steel Supply, 688 F.2d 166, 171 (3d Cir. 1982)); Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). In making this determination, the court must focus on three things: 1) "'whether the acts complained of were the same,'" 2) "'whether the material facts alleged in each suit were the same,'" and 3) "'whether the witnesses and documentation required to prove such allegations were the same.'" Elkadrawy, 584 F.3d at 173 (quoting United States v. Athlone Indus., Inc., 746 F.2d 977, 984 (3d Cir. 1984)). Even if the subsequent suit alleges "new and discrete" events, it is subject to res judicata: "A claim extinguished by res judicata 'includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction *or series of connected transactions*, out of which the action arose.'" Id. (quoting Restatement (Second) of Judgments § 24(1) (1982)); see also Merritt Logan, Inc. v. Fleming Foods of Pennsylvania, Inc., 138 B.R. 15, 25 (E.D. Pa. 1992) (citing Restatement (Second) of Judgments § 24). In considering acts that occurred over a period of time, the court should look to whether they were substantially the same and "similarly motivated." Restatement (Second) of Judgments § 24 cmt. d.

It is within this context that the Court now turns to Plaintiff's claims in Frick and in Mackey. Within the prolix allegations in the Frick Complaint,[10] the essence of the claims against

---

[10] Numbering 38 pages and in excess of 202 paragraphs. See Frick, No. 06-5189, Docket No. 1.

11

the Board of Directors of Keystone Health Plan East can be equitably summarized in this way: Keystone engaged in a multi-faceted effort to unfairly deny reimbursements. See Frick, No. 06-5189, Docket No. 1 at ¶¶ 3-4. This effort included improper influence over the judiciary and abusive litigation tactics, including, *inter alia*, mail and wire fraud. See Frick, No. 06-5189, Docket No. 1 at ¶¶ 30, 105, 106. Notably, Plaintiff claimed that Keystone's attorney Gerald Dugan was intimately involved in the enterprise to defraud him of the value of his claim. See Frick, No. 06-5189, Docket No. 1 at ¶¶ 66-71. In sum, Plaintiff alleged that Keystone adopted "a secret scheme, artifice or plan to unlawfully reduce the property value of the litigation against [it] to their advantage and to the detriment of the Plaintiff." See Frick, No. 06-5189, Docket No. 1 at ¶ 130.

In this action, Plaintiff's claim against Keystone, Dugan, and Keystone's attorneys in Frick (Kraeutler, Henderson, and Morgan Lewis) are indistinguishable. Plaintiff once again alleges that the Keystone Defendants adopted "a secret scheme, artifice or plan to unlawfully extort the property value of the litigation against to [sic] their advantage and to the detriment of the Plaintiff." Amd. Compl. at ¶ 166. Plaintiff once again alleges a multi-faceted effort to deny him what he was owed. Amd. Compl. at ¶ 7. Plaintiff once again alleges an improper influence over the judiciary and the intimate involvement of Keystone's attorneys in that abuse. Amd. Compl. at ¶¶ 10, 14. At most, Plaintiff's Amended Complaint in this matter alleges additional events and abuses that occurred during prosecution of the Frick complaint and alleges a broader conspiracy. See Amd. Compl. at ¶¶ 119,138, 139, 140. However, claims regarding litigation abuses during a prior suit based on essentially the same underlying acts are barred in a subsequent suit. Cf. Keith v. Aldridge, 900 F.2d 736, 740 (4th Cir. 1990) (holding defendant's

12

withholding of notes in first suit part of same transaction as second suit). Moreover, merely broadening a conspiracy claim does not make the second suit a new claim. Cf. Gambocz v. Yelencsics, 468 F.2d 837, 842 (3d Cir. 1972) (barring second suit where merely added new defendants to conspiracy alleged in first suit).

Plaintiff cannot escape that the pursuit of this action would involve largely the same acts (e.g., denial of his initial claim and subsequent litigation abuses), the same material facts (e.g., the parties were involved in a multi-faceted conspiracy to abuse Plaintiff) and would involve the same evidence (e.g., the "edited" tapes). See Elkadrawy, 584 F.3d at 173. Merely because Plaintiff has pled a broader conspiracy and added additional purported abuses does not mean that this Amended Complaint is not barred by his complaint in Frick. See King v. Union Oil Co. of California, 117 F.3d 443, 445 (10th Cir. 1997) (barring subsequent suit where suits had "a substantial overlap of related facts"); Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 756 (1st Cir. 1994) ("[A]ppellants' claims stem from the same series of transactions as the claims asserted in the initial litigation. Although the individual sales contracts are different, all of them arise out of a single course of conduct undertaken by a band of allied defendants."); Gambocz, 468 F.2d at 842; see also Harnett, 800 F.2d at 1313 (holding for res judicata purposes, a plaintiff need not even be aware that a claim existed at the time of the prior suit); Harrington, 1995 WL 569619, at *4 (holding same).

Therefore, this suit involves the same claim as the Frick suit. Thus, the Court must determine whether Keystone Health Plan East, Eric Kraeutler, Susannah Henderson, and Morgan Lewis & Bockius are in privity with the Board of Directors of Keystone Health Plan East.

Res judicata may be invoked by a non-party to a prior suit where a plaintiff has "asserted

13

essentially the same claim against different defendants" and "there is a close or significant relationship between successive defendants." Gambocz, 468 F.2d at 841. With businesses, their employees and attorneys are in privity with the business. See Zahran v. Frankenmuth Mut. Ins. Co., 114 F.3d 1192 (Table), 1997 WL 205381, at *3 (7th Cir. Apr. 22, 1997); Henry v. Farmer City State Bank, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986); see also Haefner v. N. Cornwall Twp., 40 Fed. Appx. 656, 657 n.2 (3d Cir. 2002) (finding corporation's attorney in privity with corporation).

Here, Keystone East itself undoubtedly has a close or significant relationship with its own board of directors,[11] the defendant in the prior suit, and is thus in privity with them. Moreover, based on the just cited authority, Keystone's attorneys in the Frick action are also in privity with the Board of Directors. Thus, because Plaintiff's claims in this suit involve the same claims as those in Frick upon which a final judgment on the merits was reached, and because the Keystone Defendants here are in privity with the defendant in the prior suit, Plaintiff's claims against the Keystone Defendants are barred by res judicata.

Therefore, the Court grants the Motion to Dismiss by Defendants Keystone Health Plan East, Eric Kraeutler, Susannah Henderson, and Morgan Lewis & Bockius as to all counts.

**b.  Preclusive Effect of Waris v. Frick: Defendant Dugan**

As to Defendant Gerald Dugan, the above analysis applies with equal force. He was included as a party defendant in the prior suit, and the allegations against him here are merely re-treads of the claims against him in Frick. Compare Frick, No. 06-5189, Docket No. 1 at ¶¶ 76-

---

[11] Assuming that a company's board of directors is even a separate legal entity from the company itself.

14

107, with Amd. Compl. at ¶¶ 49-65. Those claims having been fully heard on the merits cannot be revisited now.

Therefore, the Court grants the Motion to Dismiss by Defendant Gerald Dugan as to all counts.

### c.  Preclusive Effect of Waris v. HCR Manor Care: Reed Smith Defendants

Unlike the Keystone Defendants and Gerald Dugan, the Reed Smith Defendants cannot benefit from res judicata. In Waris v. HCR Manor Care, No. 07-3344, Plaintiff's complaint largely pled employment discrimination. The motivation for that alleged act was an intent to discriminate. Alternatively here, Plaintiff alleges that the Reed Smith Defendants perpetrated a coordinated cover-up of the discrimination during the course of the HCR Manor Care litigation. See Amd. Compl. at ¶ 111. The motivation for those alleged acts was not further discrimination, but intent to cover up. Given that the two complaints allege different acts with different motivations, they cannot be said to be essentially similar. See Elkadrawy, 584 F.3d at 173. Further, while the two actions rely on many of the same material facts, compare HCR Manor Care, No. 07-3344, Docket No. 1, Ex. A at ¶¶ 10-21, with Amd. Compl. at ¶¶ 101-08, the acts complained of are different (e.g, discrimination v. cover-up) and the evidence used to prove each claim is different (e.g., pretext evidence v. proof of litigation abuses). See Elkadrawy, 584 F.3d at 173. Thus, this action is not precluded by HCR Manor Care.

The Reed Smith Defendants' Motion, therefore, cannot be granted on preclusion grounds.

### 2.  Failure to State a Claim

Having determined the preclusive effect of the prior actions, the Court now turns to a

15

review of the sufficiency of the claims in the Amended Complaint. Defendants Begley, Edelstein, Reed Smith, Mackey, Ormond, and Heartland Home Care all respectively assert that Plaintiff has failed to state any claim and that dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6). See Docket No. 19 at 1; Docket No. 20 at 7-18.[12] Plaintiff generally argues that he has stated facts in support of his nine claims against the remaining Defendants. See, e.g., Docket No. 26 at 2. The Court agrees with Defendants and finds that Plaintiff has failed to sufficiently plead any of the nine claims.

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In making this determination, a court must engage in a two part analysis. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11. First, the court must separate factual allegations from legal conclusions. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[12] Defendant Dugan also argues that Plaintiff has failed to state a claim. See Docket No. 9 at 8. Since his Motion is granted on preclusion grounds, his arguments regarding the sufficiency of the Amended Complaint are not addressed here. Nevertheless, his Motion could also have been granted for failure to state a claim.

suffice." Id. Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." Id. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. See id.

Notably, a court is required to construe a pro se litigant's allegations "liberally." McNeil v. United States, 508 U.S. 106, 113 (1993). However, this liberal review does not mean that a pro se litigant does not have to comply with the rules of civil procedure. Id. Thus, even a pro se litigant must pled the essential elements of a claim. Smith v. Soc. Sec. Admin., 54 F Supp. 2d 451, 454 (E.D. Pa. 1999).

With these standards in mind, the Court now examines the sufficiency of the Amended Complaint. Nine counts in all are pled against differing groupings of the remaining Defendants.[13] Those counts are: (1) Restatement (Second) of Torts § 682; (2) Civil Conspiracy to Abuse Process; (3) Negligence; (4) RICO, 18 U.S.C. § 1962(c); (5) RICO Conspiracy, 18 U.S.C. § 1962(d); (6) Hobb's Act Violation; (7) Conspiracy to Interfere with Civil Rights, 42 U.S.C. § 1985(2); (8) Conspiracy to Interfere with Civil Rights, 42 U.S.C. § 1985(3); and (9) Tortious Interference with Prospective Contractual Relations. Amd. Compl. at ¶¶ 200-253.[14]

---

[13] Where appropriate below, the Court has noted against whom the counts are alleged.
As an aside, Plaintiff has pled claims against Sara Begley and Miriam Edelstein in their personal and professional capacities. See Amd. Compl. at ¶ 26(E)-(H). Assuming that such a distinction carries any meaning here, the discussion below relates to the claims against them in both capacities.

[14] What is perhaps noticeably absent from the discussion of this case so far is a detailed recounting of the specific allegations in the Amended Complaint. The Court's omission on this point is purposive. The Amended Complaint and supporting briefs are rife with unsubstantiated

**a.** **Count One: Restatement (Second) of Torts § 682 *(Heartland Home Health Care, Leslie Mackey, Reed Smith, Sara Begley, Miriam Edelstein)***

Restatement (Second) of Torts § 682 states: "One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." Under Pennsylvania law, "[t]he gist of an action for abuse of process is the improper use of process after it has been issued, that is, a perversion of it." McGee v. Feege, 535 A.2d 1020, 1023 (Pa. 1987). A "perversion" of legal process occurs when a party uses process "'primarily to accomplish a purpose for which the process was not designed.'" Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 304 (3d Cir. 2003) (quoting Dumont Television & Radio Corp. v. Franklin Elec. Co. of Phila., 154 A.2d 585, 587 (Pa. 1959)). The purpose need not be "collateral" to the underlying dispute, rather the purpose must not be the "authorized goal" of the procedure allegedly abused. Id. at 305 (citing Werner v. Plater-Zyberk, 799 A.2d 776, 785 (Pa. Super. Ct. 2002)).

Plaintiff's claim here fails because he has not pled sufficient facts to support an abuse of process claim. While he has pled that the Defendants engaged in improper litigation tactics "to extort the property value of Plaintiff's employment claim" and has pled many facts showing purported improper litigation tactics, see Amd. Compl. at ¶ 147(a)-(j), he did not plead any facts showing the Defendants had a purpose to extort. Extortion in and of itself would be an improper

---

shadow conspiracies and vitriol that are unworthy of republication. In fact, were the Court convinced that the Amended Complaint could survive a motion dismiss, the Court would feel compelled to exercise its authority under Rule 12 to strike the legion spurious and scandalous allegations. See Fed. R. Civ. P. 12(f)(1).

purpose for using legal process. See Matter of Larsen, 616 A.2d 529, 593 (Pa. 1992). However, extortion is a legal conclusion, not a fact. Under Iqbal, Plaintiff's legal conclusion is insufficient to state a claim; he must plead facts supporting his legal conclusion. See 129 S. Ct. at 1949-50. He has failed to plead any facts here showing how he determined that Defendants' purpose in the prior litigation was to extort the value of his claim.

Therefore, the Court grants the Motions to Dismiss by Defendants Heartland Home Health Care, Leslie Mackey, Reed Smith, Sara Begley, and Miriam Edelstein as to Count One.

### b. Count Two: Civil Conspiracy to Abuse Process *(against Reed Smith, Begley, and Edelstein)*

Because the Court finds that Plaintiff has failed to state a claim for abuse of process, Plaintiff's claim for conspiracy to abuse process cannot survive. See Pelagatti v. Cohen, 536 A.2d 1337, 1341-42 (Pa. Super. Ct. 1987) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act.").

Therefore, the Court grants the Motion to Dismiss by Defendants Reed Smith, Sara Begley, and Miriam Edelstein as to Count Two.

### c. Count Three: Negligence *(against Paul Ormond)*

In a claim for negligence, a plaintiff must establish that the defendant owed a duty to the plaintiff, the defendant breached that duty, plaintiff was injured by the breach, and the plaintiff suffered an actual loss or damage. Martin v. Evans, 711 A.2d 458, 461 (Pa. 1998). Plaintiff alleges that Defendant Ormond owed and breached at least three duties: 1) "a duty to defend Plaintiff's claim in accordance with the laws of the land," 2) "a duty to investigate the attorneys that his corporation was hiring to defend Plaintiff's claim against Heartland," and 3) "a duty to

monitor the developments in the case against Heartland and control the conduct of the attorneys representing Heartland." Amd. Compl. at ¶¶ 209-11. Plaintiff seemingly alleges these duties arise because Ormond was the CEO of Heartland. See Amd. Compl. at ¶ 209.

However, Plaintiff has not directed the Court's attention to, nor can the Court find, any authority that holds that a corporate officer owes any of these alleged duties. Moreover, even if such a duty existed as a matter of law, Plaintiff has not plead any facts to support that Ormond breached his duties. Plaintiff's conclusory allegation that Ormond "slept at the switch" is insufficient. He must plead some fact to show that Ormond breached his duty. As the Amended Complaint exists now, he has stated a mere "the-defendant-unlawfully-harmed-me accusation." See Iqbal, 129 S. Ct. at 1949.

Therefore, the Court grants Defendant Paul Ormond's Motion to Dismiss as to Count Three.

### d. Count Four: RICO § 1962(c) (*against Heartland Home Health Care, Leslie Mackey, Reed Smith, Sara Begley, Miriam Edelstein*)

A violation of 18 U.S.C. § 1962(c) requires "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.I. v. Imrex Co., 473 U.S. 479, 496 (1985); In re Ins. Brokerage Antitrust Litig., 579 F.3d 241, 269 (3d Cir. 2009). A plaintiff only has standing to bring a claim if "he has been injured in his business or property by the conduct constituting the violation."[15] Sedima, 473 U.S. at 496. The injury must be both actually and proximately caused by the defendant's violation. See Maio v. Aetna, Inc., 221 F.3d 472, 483 (3d Cir. 2000). Further,

---

[15] Standing for a civil RICO claim is viewed as a question under Rule 12(b)(6), rather than as a question of jurisdiction under Rule 12(b)(1). See Anderson v. Ayling, 396 F.3d 265, 269 (3d Cir. 2005).

"'a showing of injury requires proof of a concrete financial loss and not mere injury to a valuable intangible property interest.'" Id. (quoting Steele v. Hosp. Corp. of Am., 36 F.3d 69, 70 (9th Cir. 1994)).

In this case, Plaintiff's claimed injury appears to be loss of "the property value of the litigation" he had pending against Heartland. See Amd. Compl. at ¶¶ 7, 214, 220. However, under RICO, the loss of an opportunity to pursue an unliquidated tort claim is not an injury to business or property. See Magnum v. Archdiocese of Philadelphia, No. 06-2589, 2006 WL 3359642, at *6 (E.D. Pa. Nov. 17, 2006), aff'd, 253 Fed. Appx. 224 (3d Cir. 2007). Thus, Plaintiff has not suffered a cognizable injury and lacks standing to assert a RICO claim.

Therefore, the Court grants the Motions to Dismiss by Defendants Heartland Home Health Care, Leslie Mackey, Reed Smith, Sara Begley, and Miriam Edelstein as to Count Four.[16]

### e. Count Five: RICO Conspiracy § 1962(d) *(against Heartland Home Health Care, Leslie Mackey, Reed Smith, Sara Begley, Miriam Edelstein)*

Under 18 U.S.C. § 1962(d), it is "unlawful for any person to conspire to violate any of the provisions of [section 1962]." Because Plaintiff lacks standing to bring a claim under § 1962(c), he cannot sustain a claim under § 1962(d). See Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1191 (3d Cir. 1993) ("Any claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient.").

---

[16] The Court also harbors doubt about whether the Amended Complaint contains sufficient non-conclusory allegations of a RICO enterprise vis-a-vis the alleged "Arlen Specter RICO Enterprise." See United States v. Turkette, 452 U.S. 576, 583 (1981) (defining enterprise as "a group of persons associated together for a common purpose of engaging in a course of conduct").

Therefore, the Court grants the Motions to Dismiss by Defendants Heartland Home

Health Care, Leslie Mackey, Reed Smith, Sara Begley, and Miriam Edelstein as to Count Five.

> **f.** **Count Six: Hobb's Act (*against Heartland Home Health Care, Paul Ormond, Leslie Mackey, Reed Smith, Sara Begley, Miriam Edelstein*)**

Plaintiff's claim for relief in Count Six for violation of the Hobb's Act, 18 U.S.C. § 1951,

must be dismissed because no private right of action exists under the Act. See Waris v. Frick,

No. 06-5189, 2007 WL 954108, at *5 (E.D. Pa. Mar. 28, 2007) (citing cases).

Therefore, the Court grants the Motions to Dismiss by Defendants Heartland Home

Health Care, Paul Ormond, Leslie Mackey, Reed Smith, Sara Begley, and Miriam Edelstein as to

Count Six.

> **g.** **Count Seven: Conspiracy to Interfere with Civil Rights, 42 U.S.C. § 1985(2) (*against Heartland Home Health Care, Leslie Mackey, Reed Smith, Sara Begley, Miriam Edelstein*)**

Section 1985(2) "prohibits conspiracies to prevent witnesses from testifying in court,

injuring witnesses who have testified, or attempting to influence or injure grand or petit jurors."

Guarrasi v. Gibbons, No. 07-5475, 2008 U.S. Dist. LEXIS 81632, at *29 n.11 (3d Cir. Oct. 15,

2008). The elements for a claim under § 1985(2) are "(1) a conspiracy, (2) to deter testimony by

force or intimidation, and (3) injury to the plaintiff." Brever v. Rockwell Int'l Corp., 40 F.3d

1119, 1126 (10th Cir. 1994); see also Malley-Duff & Assocs., Inc. v. Crown Life Ins. Co., 792

F.2d 341, 356 (3d Cir. 1986).

In Count Seven, Plaintiff alleges "[t]he named Defendants, using their proximity to the

court, (1) conspired with Keystone and other Conspirators to intimidate and (2) deter Plaintiff

from properly prosecuting his federal claims and testifying in court against the Defendants and

(3) as a result Plaintiff was injured." Amd. Cmpl. at ¶ 242. While Plaintiff has pled the bare

legal elements of a § 1985(2) claim, he has not pled sufficient facts to support it. For example,

he does not plead even a single instance where he (or any other witness) was deterred from

giving testimony. Further, while he alleges that the Defendants were in a conspiracy together, he

has not plead any facts evidencing that conspiracy. See Black & Yates v. Mahogany Ass'n, 129

F.2d 227, 231 (3d Cir. 1941) ("A general allegation of conspiracy without a statement of the facts

is an allegation of a legal conclusion and insufficient of itself to constitute a cause of action.").

Without such factual allegations, the rote pleading of "conspiracy" is insufficient to state a claim.

See Twombly, 550 U.S. at 556 (dismissing complaint alleging conspiracy where not enough

factual allegations to show an agreement was made).

Therefore, the Court grants the Motions to Dismiss by Defendants Heartland Home

Health Care, Leslie Mackey, Reed Smith, Sara Begley, and Miriam Edelstein as to Count Seven.

> **h.    Count Eight: Conspiracy to Interference with Civil Rights, 42 U.S.C. § 1985(3) (*against Heartland Home Health Care, Paul Ormond, Leslie Mackey, Reed Smith, Sara Begley, Miriam Edelstein*)**

Section 1985(3) provides a cause of action for a plaintiff injured by a conspiracy formed

"'for the purpose of depriving, either directly or indirectly, any person or class of persons of the

equal protection of the laws, or of equal privileges and immunities under the laws.'" Guarrasi,

2008 U.S. Dist. LEXIS 81632, at *28. To state a claim for violation of § 1985(3), a plaintiff

must allege and prove four elements: "(1) a conspiracy; (2) for the purpose or depriving, either

directly or indirectly, any person or class of persons of the equal protection of the laws, or equal

privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4)

whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott, 463 U.S. 825, 828-29 (1983). Section 1985(3) does not create any substantive rights; rather, it is a mechanism for enforcing federal rights and privileges "defined elsewhere." Brown v. Phillip Morris Inc., 250 F.3d 789, 805 (3d Cir. 2001). With an action against private conspirators, the Supreme Court has only recognized two rights protected by § 1985(3): the right to be free from involuntary servitude and the right to interstate travel. Id.

Plaintiff has not sufficiently pled a claim under § 1985(3). As discussed with the § 1985(2) claim, he has insufficiently pled a conspiracy. Furthermore, the rights Plaintiff complains he was deprived of are "equal protection of the law and of equal privileges and immunities under the law." Amd. Compl. at ¶ 245. Thus, he has not pled a violation of either of the rights protected against private conspirators: protection from involuntary servitude or the right to interstate travel.

Therefore, the Court grants the Motions to Dismiss by Heartland Home Health Care, Paul Ormond, Leslie Mackey, Reed Smith, Sara Begley, and Miriam Edelstein as to Count Eight.

### i.    Count Nine: Tortious Interference with Prospective Contractual Relations (*against Sara Begley and Reed Smith*)

The elements for a claim for tortious interference with prospective contractual relations are "(1) a prospective contractual relation; (2) the purpose or intent to harm the plaintiff by preventing the relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage resulting from the defendant's conduct." Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 471 (Pa. 1979). A prospective contract is

"something less than a contractual right, something more than a mere hope." Id. The test for prospective contracts is an objective one. See id. The contract must be reasonably likely or probable. See id. (quoting Glenn Point Park Coll., 272 A.2d 895, 898-99 (Pa. 1971)).

Plaintiff's claim for tortious interference fails for at least two reasons. First, he has not pled sufficient facts to show that he had a prospective contractual relation. At best, he has pled that he made an offer of settlement to Heartland through Reed Smith. Amd. Compl. at ¶ 114(O). He has not pled any fact to show that the prospect of Heartland entering into the agreement was reasonably likely or probable. As it is pled now, the offer was his mere hope. Second, he has not pled facts to support that Defendants Begley and Reed Smith had a purpose or intent to harm Plaintiff. He has pled a mere conclusory allegation that Reed Smith "[i]n all likelihood [] failed to communicate [the offer] to the client," seemingly for the purpose of increasing its bill. Amd. Compl. at ¶ 114(O). Without support, this allegation is insufficient to satisfy the required second element of a tortious interference claim.

Therefore, the Court grants the Motion to Dismiss by Defendants Begley and Reed Smith as to Count Nine.

### 3. Leave to Amend

Having dismissed each count of the Amended Complaint, the Court must now address whether to grant leave to amend. Where a complaint is dismissed for failure to state a claim, leave to amend should normally be granted. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). However, the rule is not absolute: Leave to amend is inappropriate where it would cause undue delay, the amendment is motivated by bad faith or a dilatory motive, the amendment would cause prejudice, or the amendment is futile. In re Burlington Factory Sec. Litig., 114 F.3d 1410, 1434

(3d Cir. 1997). The Court finds that leave to amend should not be granted here because this entire action was motivated by bad faith.

Plaintiff's motivation for filing this action was that he was unsatisfied with the pace at which Judge Baylson was deciding the Ormond matter. In Plaintiff's own words: "When Judge Baylson stalled Plaintiff's Motion to Remand [08-5709] for over 4 months, Plaintiff filed the instant case." Docket No. 23 at 10. Plaintiff's purpose to avoid a judge with whom he is dissatisfied is not a good faith basis for filing a second, nearly identical action. To permit Plaintiff to further pursue his claims in this action would encourage any litigant dissatisfied with the presiding judge to simply re-file. This cannot be countenanced. This is not a good faith basis for filing a suit, regardless of the potential merits of the inadequately pled claims.

Therefore, the Court denies Plaintiff leave to amend the Amended Complaint.

### D.    Motion for a Pre-Filing Injunction

Defendants Begley, Edelstein, and Reed Smith filed a Motion for a Pre-Filing Injunction, seeking that Plaintiff be enjoined from filing any new action or motion against any Defendant named in the current action. Docket No. 19. The Court is not clear that these three Defendants can seek an injunction for the protection of all Defendants, thus the Court will limit its review here to just Begley, Edelstein, and Reed Smith. The Court finds that a pre-filing injunction is not appropriate as to these Defendants.

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enter a pre-filing injunction "to preclude abusive, groundless and vexatious litigation." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993). However, "the District Court should not restrict a litigant from filing claims absent exigent circumstances, such as a litigant's continuous abuse of the judicial process

26

by filing meritless and repetitive actions." Id. Moreover, "[i]f the circumstances warrant the imposition of an injunction, the District Court must give notice to the litigant to show cause why the proposed injunctive relief should not issue." Id. Finally, "the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case before the District Court." Id.

While Plaintiff has no doubt repeatedly filed against Heartland Home Care, he has only filed suit twice against Defendants Begley, Edelstein and Reed Smith: the Ormond action and this one. Neither of these filings have determined the merits of the underlying claims, at least not that the Court is aware of.[17] The dismissal here is for failure to state a claim, not a review of the claims against available evidence. This is unlike the summary judgment motions in Waris v. Frick where the Judge Katz reviewed Plaintiff's claims and found them unsustainable in light of the evidence before the court. See Waris v. Frick, No. 06-5189, Docket Nos. 118, 119 (E.D. Pa. Aug. 25, 2007). A determination that a party's multiple filings are meritless seems an *a priori* condition to granting a pre-filing injunction, at least where the exigent circumstances for seeking the injunction are abuse of the judicial process. Cf. Brow, 994 F.2d at 1038 (holding exigent circumstances exist where party abuses process by filing "meritless and repetitive actions"); In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982) (holding All Writs Act permits injunction restricting filing of "meritless cases"); Matter of Packer Avenue Assocs., 884 F.2d 745, 746 (3d Cir. 1989) (citing Oliver and holding same). This is not to suggest that a pre-filing injunction is only appropriate where a party has lost at summary judgment or trial, but it is to suggest that the first dismissal on a pleading deficiency, for example, does not make that dismissal proof of meritless

---

[17] The parties have not discussed the status of the Ormond case on remand.

27

filings. However, should Plaintiff file identical claims (or claims subject to preclusion) in a new action, revisiting the pre-filing injunction as to the Reed Smith Defendants would be quite appropriate. As it stands now, the Court is not convinced that a pre-filing injunction is warranted as to Defendants Begley, Edelstein, and Reed Smith.

Therefore, the Court denies the Motion for Pre-Filing Injunction by Defendants Begley, Edelstein, and Reed Smith..

### E.    John Does 1-100

Finally, the Amended Complaint lists as defendants, John Does 1-100, but does not state any claims against them in any count. Under Federal Rule of Civil Procedure 21, "the court may at any time, on just terms, add or drop a party." A court may drop John Doe defendants under this rule. See Blakeslee v. Clinton County, 336 Fed. Appx. 248, 250 (3d Cir. 2009). Because Plaintiff has failed to state any claims against the John Doe defendants, the Court dismisses them. See Silverstein v. Percudani, 422 F. Supp. 2d 468, 473 n.3 (M.D. Pa. 2006) (dismissing John Doe defendants *sua sponte* where plaintiffs advanced no claims against them), aff'd, 207 Fed. Appx. 238 (3d Cir. 2006).

## III.    CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Recuse (Docket No. 30). To the extent that it is a motion, the Court DENIES Plaintiff's Motion to File a Sur-Reply (Docket No. 28). The Court GRANTS Plaintiff's Motion to Strike (Docket No. 35). The Court GRANTS the Motion to Dismiss by Defendant Gerald Dugan (Docket No. 9). The Court GRANTS the Motion to Dismiss by Defendants Keystone Health Plan East, Eric Kraeutler, Susannah Henderson, and Morgan Lewis & Bockius (Docket No. 15). The Court GRANTS the

Motion to Dismiss by Defendants Sara Begley, Miriam Edelstein, and Reed Smith (Docket No. 19). The Court GRANTS the Motion to Dismiss by Defendants Leslie Mackey, Paul Ormond, and Heartland Home Care (Docket No. 20). The Court DENIES Plaintiff leave to amend the Amended Complaint. The Court DENIES the Motion for a Pre-Filing Injunction by Defendants Begley, Edelstein, and Reed Smith (Docket No. 19). Finally, the Court DISMISSES Defendants John Does 1-100.

Dated: 12-24-09

ROBERT B. KUGLER
United States District Judge